**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WILLIAM MARK SCOTT and RONALD MORIN, individually and on behalf of all others similarly situated,** <br> **Plaintiffs,** <br> **v.** <br> **JPMORGAN CHASE BANK, N.A.,** <br> **Defendant.** | **Case No. 17-cv-00249 (APM)** |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

Having considered the Settlement Agreement and Release, ECF No. 37-1 [hereinafter Settlement Agreement], and the court's April 24, 2018, Order Granting Preliminary Approval of Class Action Settlement, Provisionally Certifying Settlement Class, Directing Notice to the Settlement Class, and Scheduling Fairness Hearing, ECF No. 38 [hereinafter Preliminary Approval Order], and having held a Fairness Hearing on August 17, 2018, and considered all of the submissions and arguments with respect to the settlement memorialized in the Settlement Agreement ("Settlement"), and otherwise being fully informed and good cause appearing therefore, the court hereby orders as follows:

1. This Final Order incorporates and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and Judgment.

2. The court has jurisdiction over the above-captioned case, and all Parties in the

above-captioned Action, including but not limited to all Settlement Class Members, for all matters relating to this Action and the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, or this Final Order and Judgment.

**I. THE SETTLEMENT CLASS**

3. In the Preliminary Approval Order, the court certified the following Settlement Class:

> All persons who, up to and including the date of preliminary approval, were either (1) paid for jury service by means of a Juror Debit Card or for fact witness service by means of a Fact Witness Debit Card as part of the U.S. Debit Card program operated by JPMorgan Chase Bank, N.A. for the United States Department of the Treasury, in the jurisdiction of Washington, DC; or (2) paid for jury service by means of a Juror Debit Card as part of the programs operated by JPMorgan Chase Bank, N.A., in the jurisdictions of Gwinnett County, GA; Livingston County, MI; and Fort Bend County, TX.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Federal Rule of Civil Procedure 23.

5. The court previously appointed the above-identified Plaintiffs William Mark Scott and Ronald Morin as class representatives of the Settlement Class and hereby reaffirms that appointment.

6. The court also previously appointed the following Counsel for the Settlement Class ("Class Counsel"), and recognizes that they have continued to adequately and fairly represent the Settlement Class:

Anna Haac
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 973-0900
ahaac@tzlegal.com

Rosemary M. Rivas
LEVI & KORSINSKY, LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94111
(415) 291-2420
rrivas@zlk.com

## II. CLASS NOTICE

7. The record shows, and the court finds, that the Class Notice has been given to the Settlement Class in the manner approved by the court in its Preliminary Approval Order. The court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members except those who timely opted out, as identified in Exhibit A to this Order are bound by this Final Order and the Final Judgment.

## III. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. The court finds that the Settlement Agreement resulted from arm's length good faith negotiations between Plaintiffs and Defendant JPMorgan Chase Bank, N.A. ("Chase"), through experienced counsel.

10. Pursuant to Federal Rule of Civil Procedure 23(e), the court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Chase's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

11. The court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

a. This case was complex and time consuming and would have continued to be so through summary judgment and/or trial if the case had not settled;

b. Class Counsel had a well-informed appreciation of the strengths and weaknesses of their case while negotiating the Settlement;

c. Class Counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability and/or damages if they had decided to continue to litigate rather than settle;

    d.  The settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to both liability and damages in that it provides Settlement Class Members with full reimbursement of any fees and surcharges paid in connection with their use of Juror and Fact Witness Debit Cards issued by Chase, as well as any remaining balances, with Chase agreeing not to charge any further fees;

    e.  The Settlement was the result of arm's-length negotiations and exchange of information by experienced counsel;

    f.  The parties settled at an optimal point in the litigation given the relatively low dollar amount of actual damages at issue in the litigation;

    g.  The reaction of the class to the Settlement has been positive, with no objections to the Settlement and only seven persons timely requesting to opt out.

  Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## IV. DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION

  12.  This Action is hereby dismissed with prejudice on the merits and, except as otherwise provided herein or in the Settlement Agreement, without costs to any party.

  13.  The court approves the Parties' plan to distribute the monetary relief to Settlement Class Members as set forth in the Settlement Agreement.

  14.  As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Chase and each of its present and former parents (including JPMorgan Chase & Co.), subsidiaries, divisions,

affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them (collectively, the “Released Parties”), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys’ fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that were or could have been alleged in the Action and result from, arise out of, are based upon, or in any way relate to (a) Settlement Class Members’ access to juror or fact witness payments, (b) Settlement Class Members’ payment of fees or surcharges in relation to Juror Debit Cards or Fact Witness Debit Cards, or (c) any disclosures or other communication to Settlement Class Members concerning Juror Debit Cards or Fact Witness Debit Cards (the “Released Claims”).

15. The Release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Effective Date, except to the extent that such claims are based upon conduct or activity that is undertaken pursuant to the Settlement Agreement.

16. Settlement Class Members have knowingly and voluntarily waived the provisions of Section 1542 of the California Civil Code (to the extent applicable), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any

state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims.

17. The court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members or any Releasing Party, seeking to certify a class that includes Plaintiffs, Settlement Class Members, or any Releasing Party based upon or asserting any of the Released Claim, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims.

## V. OTHER PROVISIONS

18. The court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

a. enforcing the terms and conditions of the Settlement Agreement and

resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

      b.    entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

      c.    entering any other necessary or appropriate orders to protect and effectuate this court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

19.    Without affecting the finality of this Final Order or the Final Judgment, Chase and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

20.    The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

21.    Without further order of the court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

22.    In the event that the Settlement is terminated pursuant to either of Paragraphs 84

and 85 of the Settlement Agreement, certification of the Settlement Class shall be automatically vacated and the Final Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

23. The Clerk of the Court is hereby directed to enter this judgment, which shall be final and immediately appealable and close this file.

Dated: August 17, 2018

Amit P. Mehta
United States District Judge