UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                )
**WILLIAM MARK SCOTT and RONALD**           )
**MORIN, individually and on behalf of all**       )
**others similarly situated,**                               )
                                                                )
     **Plaintiffs,**                                       )
                                                                )
     **v.**                                                      )    Case No. 17-cv-00249 (APM)
                                                                )
**JPMORGAN CHASE BANK, N.A.,**                 )
                                                                )
     **Defendant.**                                      )
_____  )

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF
SERVICE AWARDS TO PLAINTIFFS**

Before the court is Plaintiffs' Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to Plaintiffs, ECF No. 40 ("Attorneys' Fee Motion"), which seeks an award of: (a) attorneys' fees and reimbursement of costs in the amount of $335,000 ("Attorney Fee Award"); and (b) a $5,000 Service Award to each Class Representative ($10,000 total).  By separate order, the court has determined that the proposed class action settlement reached by the Parties in the Settlement Agreement and Release ("the Settlement") is fair, reasonable, and adequate and is finally approved.

The court has reviewed the Settlement, the Attorneys' Fee Motion, and all submissions, briefs, reports, declarations, and presentations made and submitted in connection therewith, and upon consideration of the arguments presented at the Final Approval Hearing, on proof being made to the satisfaction of this court and good cause appearing, the court grants the Attorneys' Fee Motion, and orders as follows:

1.  The court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005) ("[T]he [Class Action Fairness Act] confers federal diversity jurisdiction over class actions . . . .").

2.  At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). The Settlement Agreement[1] provides that Chase will pay reasonable attorneys' fees and costs up to $335,000 and Service Awards in the amount of $5,000 to each named Plaintiff. The court thus finds that Class Counsel are entitled to a fee award.

3.  The primary claim asserted in this litigation is for violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901 *et seq.*, which contains a fee-shifting provision that entitles prevailing claimants to recover "[r]easonable attorney's fees," among other remedies. D.C. Code § 28-3905(k)(2)(B). Furthermore, many of the other statutes asserted in this litigation also provide for attorneys' fees to the prevailing party. *See, e.g.*, the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693m(a)(2)(3); the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780(e).

4.  The court thus applies the lodestar method to calculate the appropriate attorneys' fees to be awarded to Class Counsel as this is not a common fund case, and therefore, the percentage-of-recovery approach is inapplicable. *See In re Vitamins Antitrust Litig.*, 2001 WL 34312839, at *2 (D.D.C. July 16, 2001) ("A majority of courts utilize one of two approaches to assess the reasonableness of requests for attorneys' fees. . . . In statutory fee shifting cases, courts frequently employ the lodestar method. In common fund cases, many jurisdictions apply the percentage of recovery method."). The lodestar method is designed to reward counsel for

---

[1] Unless otherwise noted, capitalized terms have the same meaning as contained in the Settlement Agreement. *See* ECF No. 37-1.

2

undertaking socially beneficial litigation in cases such as this, where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation. *Id.* at *3 (citing *In re Prudential Ins. Co Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998)).

5. The court has reviewed the sworn declarations of Rosemary M. Rivas and Anna C. Haac as to the work performed by Class Counsel, their firm's hourly rates, their firm's resulting lodestar, and the costs each firm has incurred in the prosecution of this litigation, and finds that the requested attorneys' fees and costs are reasonable and appropriate. The lodestar is the product of two variables—the number of hours reasonably expended on the litigation and a reasonable hourly rate. "The Supreme Court has held that there is a strong presumption that the fee yielded by the now-ubiquitous 'lodestar' method, which bases fees on the prevailing market rates in the relevant community, is reasonable." *See, e.g.*, *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013). Class Counsel's lodestar of $375,234.95 (reported on July 10, 2018) is a greater amount than the requested award of fees and costs of $335,000 and therefore the court finds that the requested fee award is reasonable. Thus, the court approves the payment by Defendant to Class Counsel of attorneys' fees and reimbursement of costs in the amount of $335,000. The hourly rates used to arrive at Class Counsel's lodestar are consistent with market rates and reasonable in light of Class Counsel's skill, experience, and expertise. The court is further satisfied that the number of hours expended on the litigation is reasonable given the complex nature of the litigation in conjunction with the fact that Class Counsel has been required to expend more time on this matter to, among other things: monitor the administration process, prepare for and attend the Final Approval hearing, and assist with Class Members' inquiries.

6. Furthermore, courts in this District routinely grant service awards to compensate

named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. *In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 22037741, at *10 (D.D.C. June 16, 2003) ("The propriety of allowing modest compensation to class representatives seems obvious." (internal quotation marks omitted)). Here, the court also finds that the requested Service Awards are reasonable and approves the payments of $5,000 by Defendant to each of the Plaintiffs, William Mark Scott and Ronald Morin (collectively, the "Class Representatives"), as those amounts are within the range of awards granted in this Circuit. *See, e.g.*, *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 207–08 (D.D.C. 2011) ($5,000 incentive award); *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 9 (D.D.C. 2008) ($10,000 incentive award to each named plaintiff). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the court finds that the Class Representatives should each be awarded $5,000 for their efforts.

7. The court further notes that Chase does not object to the requested attorneys' fees, reimbursement of costs, and Service Awards, the amount of which was included in the notice materials disseminated to the Settlement Class, and which will be paid by Chase separate and apart from the settlement payments to be made to Settlement Class Members. Nor have there been any objections by Settlement Class Members to the Settlement, requested Service Awards, or requested reimbursement of attorneys' fees and costs.

8. All amounts that Defendant is required by this Order to pay to Class Counsel and the Class Representatives shall be paid in the time and manner described in and required by the

Settlement Agreement.

Dated: August 17, 2018

_____
Amit P. Mehta
United States District Judge